802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAULETTE M. IBBITSON, Administratrix, estate of ROGER R.
IBBITSON, Deceased, Plaintiff-Appellant
v.
THE RAMSEY MANUFACTURING CO.; HOLLAND SUPPLY COMPANY;
ADVANCED INDUSTRIES, INC.; EVERETT SPURLIN
ERECTION COMPANY, Defendants-Appellees,
THE FORT WORTH TOWER CO., INC.; TOMMY MOORE, INC.,
Defendants/Third Party Plaintiffs-Appellees,
DIRECT CHANNELS OF DEFIANCE, INC., Third Party Defendant-Appellee.
 No. 85-3716.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 Before: MERRITT and GUY, Circuit Judges; and BALLANTINE, District Judge*
 MERRITT, Circuit Judge.
 
 
 1
 The statute of limitations issue in this defective machinery case turns on the interpretation and application of Ohio's statute of repose for those who design, plan, or construct improvements to real property. The first question is whether the elevator or lift machinery that caused the injury was an improvement to realty under the statute. The second question is whether the defendants engaged in design or construction activity covered by the statute. The statute states:
 
 OHIO REVISED CODE
 
 2
 [ARCHITECTS, ENGINEERS]
 
 
 3
 [Sec. 2305.13.1] Sec. 2305.131 Limitation of actions against architects and engineers, nonapplication of statute.
 
 
 4
 No action to recover damages for any injury . . . arising out of the defective and unsafe condition of an improvement to real property. . . shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property more than ten years after the performance or furnishing of such services and construction. (Emphasis is added.)
 
 
 5
 On September 28, 1977, plaintiff's decedent, Roger Ibbitson, an electronics repairman, entered a motorized lift cage. The cage was attached to a cable T.V. tower in Wauseon, Ohio. Mr. Ibbitson was ascending in the cage for the purpose of performing some repairs at the top of the tower. While ascending, the lift became freewheeling and crashed 200 feet to the ground. Ibbitson died as a result of injuries sustained during this accident.
 
 
 6
 The cable tower and the lift system were designed and manufactured by defendant, Fort Worth Tower Company. The winch to the lift was manufactured by defendant, Ramsey Manufacturing Company. The tower was erected in 1965. Apparently, the lift was "designed to transport equipment only." The apparent cause of the accident was a crack in the jaw clutch. The jaw clutch, however, was not a part of the original equipment. Plaintiff claims that the winch originally contained a "clutch block spacer" which was designed to prevent the jaw clutch from disengaging. The "clutch block spacer" was "removed by some unknown party." Then, "in lieu of the clutch block spacer, the jaw clutch was spot welded to the hoist drum mechanism. A crack developed, causing disengagement of the jaw clutch, and resulted in the accident." (Appellant's Brief, at 3.)
 
 
 7
 On January 21, 1983 the district court granted summary judgment in favor of Fort Worth finding that Ibbitson's claims were barred by statute quoted above. On April 14, 1985 the court granted summary judgment on the remaining claims as to Ramsey, also on the theory that Ohio Rev. Code Sec. 2305.131 barred these claims.
 
 
 8
 On the first question -- whether the lift system attached to the tower is an "improvement to real property" -- the case is governed by Adair v. Koppers Company, Inc., 741 F.2d 111 (6th Cir. 1984). In Adair this Court held that in order to determine what constitutes an improvement to real property under Sec. 2305.131, one must determine whether the item is "an integral component of an essential system. . . ." 741 F.2d at 116. Additionally, the Adair court emphasized "[t]he test for an improvement is not whether an addition can be removed without damage to the land, but if it add[s] to the value of the realty, for the purposes for which it was intended to be used." 741 F.2d at 115 (cites omitted). Plaintiff concedes that the TV tower is realty, and Adair holds that conveyor belts systems and elevator and lift systems attached to realty are "improvements" to realty within the meaning of the statute.
 
 
 9
 On the question of whether Fort Worth Tower and Ramsey Manufacturing performed design, planning or construction services under the statute, it is clear that Fort Worth was the designer of the system and that there is no material dispute of fact on that issue. Fort Worth's activities are clearly covered by the statute. It is not so clear, however, that Ramsey, as the manufacturer and supplier of the winch, was a designer under the statute, rather than simply a supplier of parts or a materialman. See Hartford Fire Insurance Co. v. Lawrence, Dykes, Goodenberger, Bower & Claney, 740 F.2d 1362, 1372 (6th Cir. 1984). Since the record is unclear as to how Ramsey's role should be characterized under the statute and there appear to be disputed issues of fact concerning Ramsey's role, we reverse the grant of summary judgment as to Ramsey and remand for further proceedings, including a determination whether Ramsey's activities in connection with the manufacture of the winch and its installation at the tower are covered by the statute.
 
 
 10
 Accordingly, it is so ordered.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., Judge of the United States District Court for the Western District of Kentucky, sitting by designation